NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 14 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FLORENCIA CARRILLO-MERITA, | No. 18-71898 |
| Petitioner, | Agency No. A208-126-370 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 11, 2019**

Before: CANBY, GRABER, and MURGUIA, Circuit Judges.

Florencia Carrillo-Merita, a native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal

from an immigration judge's decision denying her application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act.  *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010).  We deny the petition for review.

In her opening brief, Carrillo-Merita fails to challenge the agency's denial of CAT and the BIA's denial of humanitarian asylum.  Thus, these issues are waived.  *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived).

Substantial evidence supports the agency's adverse credibility determination because of the omissions in Carrillo-Merita's credible fear interview as to her encounter with gang members on April 15, 2015, and her father's death.  *See Shrestha*, 590 F.3d at 1048 (adverse credibility finding reasonable under the totality of the circumstances); *see also Silva-Pereira v. Lynch*, 827 F.3d 1176, 1185 (9th Cir. 2016) (omissions that tell a "much different – and more compelling – story of persecution than [the] initial application" can properly form the basis for an adverse credibility finding (quoting *Zamanov v. Holder*, 649 F.3d 969, 974 (9th Cir. 2011))).  Carrillo-Merita's explanations do not compel a contrary conclusion.  *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000).  Carrillo-Merita does not

challenge the agency's finding that her evidence did not otherwise establish her eligibility for relief. *See Lopez-Vasquez*, 706 F.3d at 1079-80. Thus, in the absence of credible testimony, in this case, Carrillo-Merita's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Lastly, we do not reach Carrillo-Merita's contentions regarding the merits of her asylum and withholding of removal claims. *See Recinos De Leon v. Gonzales*, 400 F.3d 1185, 1189 (9th Cir. 2005) ("We may affirm the [agency] only on grounds set forth in the opinion under review.").

**PETITION FOR REVIEW DENIED.**

18-71898